IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY P. GOOD and<br>MARY A. GOOD, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>INTERNAL REVENUE SERVICE,<br>HENRY SLAUGHTER, DEANN<br>BENDER, B. CLARK, LAWRENCE R.<br>COFFIN, and MAUREEN GREEN,<br><br>    Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. 14-755<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                                                  December 30, 2014

      The court is placed in the unfortunate position of having to dismiss a *pro se* amended complaint on the merits without the benefit (and pleasure) of having heard from the plaintiffs, Jeffrey P. Good and Mary A. Good, at the time of the initial pretrial conference or at the time of oral argument. It is all the more unfortunate given the fact that the plaintiffs have purportedly fallen on hard times. *See* Compl. at 85-88, Doc. No. 1; Am. Compl., Doc. No. 14. Nonetheless, and despite the plaintiffs' seemingly good intentions, the court is ultimately constrained to dismiss the amended complaint for the reasons that follow. The court notes the dispositions of various other motions along the way.

### I.    ALLEGATIONS AND PROCEDURAL HISTORY

      The plaintiffs commenced this action on January 31, 2014, by filing a complaint exceeding ninety pages and comprised largely of legal argument. Compl. At its core, the complaint seeks to rectify alleged constitutional violations stemming from attempts to collect

income taxes from the plaintiffs. *Id.* at 5-8. On April 11, 2014, the defendant, the United States of America, filed a motion to dismiss in which it requested that the court dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) because the plaintiffs had failed to exhaust available administrative remedies or, in the alternative, because the complaint was unnecessarily prolix. Mot. to Dismiss, Doc. No. 3. The United States filed a second motion to dismiss on May 20, 2014, in which it requested that the court dismiss all claims against the individual defendants. Mot. to Dismiss, Doc. No. 5. The court scheduled an initial pretrial conference for August 12, 2014, intending to address these motions at the time of the conference. Notice, Doc. No. 6.

Unfortunately, the plaintiffs did not attend the conference and the court was compelled to rule on the outstanding motions without the benefit of input from the plaintiffs. On August 15, 2014, the court entered an order dismissing the complaint without prejudice on the ground that it ran afoul of Federal Rule of Civil Procedure 8(a)(2) and granting leave to the plaintiffs to file an amended complaint. Order, Doc. No. 10. At that time, the court also stayed discovery. Order, Doc. No. 9.

On September 5, 2014, the plaintiffs filed a two-page amended complaint that expressly evidenced a desire to comply with Rule 8(a)(2). Am. Compl. The United States again filed a motion to dismiss pursuant to Rule 12(b)(6) on September 25, 2014. Mot. to Dismiss, Doc. No. 16. On October 20, 2014, the plaintiffs filed a response in opposition to the motion and intimated that the amended complaint incorporated the substance of the original complaint. Resp. to Mot. to Dismiss, Doc. No. 18. Alongside this filing, the plaintiffs also filed a motion for sanctions against counsel for the United States in connection with the service of certain documents. Untitled Motion, Doc. No. 17. The court scheduled oral argument for November 20, 2014, to address the motion to dismiss and the motion for sanctions. Order, Doc. No. 19.

The plaintiffs failed to appear for argument. Counsel for the United States, in contrast, did appear and raised two oral motions in addition to presenting argument on the outstanding written motions. First, counsel requested that the court dismiss this case for failure to prosecute. Second, counsel requested monetary sanctions in the amount of $500.

## II.   DISCUSSION

Turning to the written motions, the court first addresses the motion for sanctions filed by the plaintiffs. Given its overall thrust, the court construes the motion as a request that the court treat the plaintiffs' response in opposition to the motion to dismiss as if they had timely filed it. Doc. No. 17. So construed, the court grants the motion, deems the response timely filed, and considers the response on the merits in ruling on the motion to dismiss. The court denies the motion in all other respects.

As to the motion to dismiss the amended complaint filed by the United States, the court is constrained to grant this motion on the merits. On its face, the amended complaint is two pages long and alleges that the plaintiffs have suffered hardship "resulting from the perpetual and relentless and unwarranted attempts at collection of an alleged income tax by the IRS." Am. Compl. at 2. Bereft of any further factual clarification, the amended complaint effectively asks the court to find a plausible claim for relief solely in the above statement. Regrettably, and even viewing the statement in its most liberal light, the court cannot so find because "the federal income tax is constitutional, wages are taxable income, and the Sixteenth Amendment removed the apportionment requirement for direct taxes." *See, e.g., Sherwood v. Dep't of Treasury*, 372 F. App'x 101 (2d Cir. 2010) (citations omitted).[1] Insofar as the amended complaint aims to provide factual clarification by incorporating the substance of the original complaint, the

---

[1] In *Stephanatos v. Cohen*, 236 F. App'x 785 (3d Cir. 2007), the court suggested that district courts may lack jurisdiction to consider certain arguments contesting "the constitutionality of the United States tax system." *Id.* at 787.

3

amended complaint, like the original complaint, violates Rule 8(a)(2) as being devoid of any factual or legal basis for a claim. *See Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74-75 (3d Cir. 2014) (observing that courts may *sua sponte* dismiss a complaint for running afoul of Rule 8, such as when a complaint "fails to reveal any factual or legal basis for a federal claim"). The court therefore dismisses the amended complaint without further leave to amend.

With respect to the United States' oral motions, the court need not consider the failure-to-prosecute motion given the prior discussion, which gives effect to the general preference for reaching the merits of arguments. The court, however, denies the motion for sanctions as unwarranted.

### III. CONCLUSION

For the foregoing reasons, as unfortunate as they are for the plaintiffs, the court dismisses the amended complaint at the hand of the motion to dismiss filed by the United States and, to the extent necessary, the court's *sua sponte* power. The court grants the motion for sanctions filed by the plaintiffs only insofar as the court considered the response in opposition to the motion to dismiss in coming to the above ruling. Given the ultimate disposition of this matter, the court declines to pass upon the oral motion to dismiss for failure to prosecute made by the United States. Finally, the court denies the oral motion for sanctions made by the United States.

An appropriate order follows.

BY THE COURT:

EDWARD G. SMITH, J.